```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - :
FELIPE GARCIA, individually and    :    13 Civ. 1904 (JCF)
on behalf of all other persons     :
similarly situated,                :    MEMORANDUM
                                   :    AND ORDER
            Plaintiff,             :
                                   :
     - against -                   :
                                   :
ATLANTICO BAKERY CORP. and JERRY   :
LIBERATOS, jointly and severally,  :
                                   :
            Defendants.            :
- - - - - - - - - - - - - - - - - - :
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/29/16

At a February 18, 2016 settlement conference, the parties agreed to a settlement of the plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), and the New York Labor Law. The parties subsequently consented to my jurisdiction for all purposes. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court . . . to take effect." Id. at 206. Accordingly, the parties have submitted an executed settlement agreement together with a letter supporting the agreement as fair and reasonable. (Letter of John M. Gurrieri and David B. Feldman dated May 20, 2016 ("Gurrieri Letter")).

1

Plaintiff's counsel has also provided a letter setting forth the basis for the attorneys' fee award included in the settlement. (Letter of Brandon D. Sherr dated June 27, 2016 ("Sherr Letter")).

I have reviewed the settlement agreement and find it to be fair and reasonable with one exception.  Out of a total settlement of $45,000.00, plaintiff's counsel seek an award of $18,440.88 in attorneys' fees and costs.  (Sherr Letter at 4; Settlement Agreement, attached as exhibit to Gurrieri Letter, ¶ 2).  The primary component of this figure is $18,000.00 in fees, based on a forty percent contingency.  (Sherr Letter at 4).[1]  The balance consists of expenses that were prepaid by plaintiff's counsel.[2] Plaintiff's counsel calculate that, based on their hourly rates and the time expended, they would be entitled to a fee award of $15,655.00.  (Sherr Letter at 3).  They are therefore seeking a multiple of 1.15 times the lodestar figure.

There is no basis in this case for awarding fees based on a forty percent contingency.  First, one-third of the total award is the customary contingency percentage in FLSA cases.  See Torres v.

---

[1] I note that plaintiff's counsel did not supply a copy of any retainer agreement reflecting such a contingency arrangement.

[2] While the plaintiff's costs total $570.30 (Sherr Letter at 4), counsel appear to have sought reimbursement of only $440.88 (i.e., the difference between the contingency fee and the total award reflected in the Settlement Agreement).  No explanation for this discrepancy has been provided.

Gristede's Operating Corp., 519 F. App'x 1, 5 (2d Cir. 2013) (characterizing one-third as "standard contingency-fee level[]" in FLSA case); Cortes v. New Creators, Inc., No. 15 Civ. 5680, 2016 WL 3455383, at *5 (S.D.N.Y. June 20, 2016) (holding fee award of one-third of settlement "consistent with 'contingency fees that are commonly accepted in the Second Circuit in FLSA cases.'" (quoting Najera v. Royal Bedding Co., No. 13 CV 1767, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015))); but see Velasquez v. SAFI-G, Inc., 137 F. Supp. 3d 582, 585-86 (S.D.N.Y. 2015) (finding one-third contingency unreasonably high in FLSA case).  Second, there are no special risk factors here that would warrant a greater contingency. To the contrary, unlike the standard personal injury case, plaintiffs' counsel in FLSA cases are guaranteed an award of fees provided that the plaintiff prevails.  And, as a practical matter, plaintiffs almost always prevail; though a plaintiff may not receive all of the compensatory or liquidated damages sought, it is the rare FLSA case where an employer is found to be free of any liability.  Consequently, the risk of a plaintiffs' counsel being uncompensated at the end of the day is slight.  Finally, this is not a case where plaintiff's counsel devoted so many hours to the litigation that holding them to a one-third contingency would undercompensate them.  Indeed, a lodestar analysis would likely

result in an award less than one-third of the settlement amount.[3]

Accordingly, I will not approve the Settlement Agreement in its current form. I will do so if it is modified to compensate the plaintiff in the amount of $29,429.70 and award attorneys' fees and costs of $15,570.30,[4] for a total of $45,000.00. By July 15, 2016, counsel shall submit a revised Settlement Agreement consistent with this order or shall indicate that the parties wish to proceed with the litigation.

SO ORDERED.

*[signature: James C. Francis IV]*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         June 29, 2016

Copies transmitted this date:

Justin A. Zeller, Esq.
Brandon D. Sherr, Esq.
John M. Gurrieri, Esq.
Law Office of Justin A. Zeller, P.C.
277 Broadway, Suite 408
New York, NY 10007

---

[3] For example, many of the entries in the time records of plaintiff's counsel are general to the point of opacity and would be disallowed. (Time Sheet, attached as exhibit to Sherr Letter).

[4] Notwithstanding the inconsistency described in footnote 2 above, I will award plaintiff's counsel the greater of the two competing figures for costs, as it is supported by an itemization of the expenses incurred. (Sherr Letter at 4).

4

David B. Feldman, Esq.
John V. Baranello, Esq.
Moses & Singer LLP
405 Lexington Ave.
New York, NY 10174-1299